**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

**VALLI KANE & VAGNINI, LLP**
**600 OLD COUNTRY ROAD, SUITE 519**
**GARDEN CITY, NEW YORK 11530**
**(516) 203-7180**

2016 APR -5  PH 3: 48

DEPUTY CLERK

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* Patsy Gallian & Monique Jones, STATE OF TEXAS *ex rel.*, Patsy Gallian & Monique Jones and Patsy Gallian & Monique Jones Individually <br><br> Plaintiffs, <br><br> v. <br><br> DaVita Rx LLC a wholly owned subsidiary, DaVita HealthCare Partners Inc., Jane Doe and John Does, <br><br> Defendants. | ) ) ) ) ) ) ) **COMPLAINT** ) ) **FILED UNDER SEAL** ) ) **JURY TRIAL DEMANDED** ) ) **INDEX NO. _____** ) ) ) ) ) ) |

SEALED

**3-16CV0943-B**

## PRELIMINARY STATEMENT

1.     This is a *qui tam* action brought in the name of both the United States of America, and the State of Texas by and through the relators Patsy Gallian and Monique Jones, to recover treble damages and civil penalties arising from false statements and claims made or caused to be made by Defendants DaVita Rx LLC("DaVita Rx"), a wholly owned subsidiary of DaVita Health Care Partners, Inc, ("DaVita") and the Jane and John Does (collectively "Defendants"), to the United States Government ("United States"),  the States of Texas, California and New York ("Texas"; "California and "New York"); collectively the "Government"), in violation of the Federal False Claims Act, 31 U.S.C. §§ 3729-32. the Texas Medicaid Fraud Prevention Act.

# FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

(Texas Human Rights Code §§36.001 *et seq* and Gov't Code §§531.101 *et seq.)*, the California False Claims and Reporting Act (Cal. Gov't Code §12650 et seq)., and the New York False Claims Act (N.Y. State Fin. Law §§ 187 et seq.).

2. DaVita's headquarters are at 2000 16th Street, Denver, Colorado 80202.

3. As of 1994, DaVita was incorporated in the State of Delaware.

4. DaVita Rx is a full-service pharmacy specializing in renal care; designed specifically for kidney patients.

5. Pursuant to statements in DaVita's latest 10K filing, DaVita Rx LLC, is wholly owned pharmacy services subsidiary of DaVita HealthCare Partners Inc.

6. DaVita's February 2016, 10K report for the fiscal year ending December 31, 2015 provides the following overview of the company: The Company consists of two major divisions, Kidney Care and HealthCare Partners (HCP). Kidney Care is comprised of their U.S. dialysis and related lab services, ancillary services and strategic initiatives, including international operations and corporate administrative support. The U.S. dialysis and related lab services business is their largest line of business, which is a leading provider of kidney dialysis services in the U.S. for patients suffering from chronic kidney failure, also known as end stage renal disease (ESRD). The HCP division is a patient- and physician-focused integrated healthcare delivery and management company with over two decades of providing coordinated, outcomes-based medical care in a cost-effective manner.

7. Per the 10K report, as of December 31, 2015, DaVita provided dialysis and administrative services in the U.S. through a network of 2,251 outpatient dialysis centers in 46 states and the District of Columbia, serving a total of approximately 180,000 patients. DaVita obtains funding from the Government for the services it provides via Medicaid, Medicare, and

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

TriCare, among others. DaVita's latest 10k stated that "For the year ended December 31, 2015, approximately 89% of our total dialysis patients were covered under some form of government-based programs, with approximately 76% of our dialysis patients covered under Medicare and Medicare-assigned plans."

8.     DaVita's stated percentages for the number of patients covered under some form of government based programs and Medicare and Medicare assigned plans for Fiscal year 2015, are similar to their stated percentages for the years prior to 2015.

9.     As a subsidiary of DaVita Health Care Partners, DaVita RX is their nationwide full-service provider of specialty pharmacy medications, including medications for the dialysis centers.

10.     DaVita has over 2000 Dialysis Center locations in almost all 50 States.

11.     Upon information and belief, starting in at least 2006 and continuing to the present, false and fraudulent information was submitted to the Government and the States in order to justify Defendants receiving funds to which they were not entitled.

12.     Defendants were aware that there were overcharging the Government and withholding funds due to the Government.

13.     This deliberate and ongoing pattern of conduct, set forth herein and supported by eyewitness testimony and documentation, violates state and federal law.

14.     Relators therefore brings this action against DaVita HealthCare Partners and DaVita RX, for its deliberate fraud against the Government and the States.

### JURISDICTION AND VENUE

15.     This is a civil action arising under the laws of the United States to redress violations of the False Claims Act, 31 U.S.C. §§ 3729-3730. This court has jurisdiction over the

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

subject matter of this action pursuant to 31 U.S.C. § 3732, as well as 28 U.S.C. §§ 1331 and

1345.

16.     This court has supplemental jurisdiction over plaintiffs' State law claims pursuant

to 28 U.S.C. § 1367.

17.     This suit is not based upon prior public disclosures of allegations or transactions

in a criminal, civil, or administrative hearing, lawsuit or investigation or in a Government

Accounting Office or Auditor General's report, hearing, audit, or investigation, or from the news

media.

18.     To the extent that there has been a public disclosure unknown to the Relators,

they are the original source of the information under 31 U.S.C. §3730 (e)(4), the Texas Medicaid

Fraud Prevention Act. (Texas Human Rights Code §§36.001 *et seq* and Gov't Code §§531.101),

the California False Claims and Reporting Act (Cal. Gov't Code §12650 et seq)., and the New

York False Claims Act (N.Y. State Fin. Law §§ 187 et seq.).

19.     Relators have direct and independent knowledge of the information on which

these allegations are based, and has provided or is concurrently providing to the Attorney

General of the United States, and the Attorney General of the States of Texas, California and

New York, a statement summarizing known material evidence and information related to the

Complaint, in accordance with the provisions of 31 U.S.C. §3730(b)(2) and relevant sections of

the respective and aforementioned State Statues.  This disclosure statement is supported by clear

and competent evidence documenting Relators' first-hand knowledge of defendants' conduct

described herein.

20.     This court has personal jurisdiction over defendants under 31 U.S.C. § 3732(a)

because Defendants submitted false or fraudulent claims directly or indirectly to the Government

4

# FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

through their Texas facility, and because defendants have made, used, or caused to be made or used, false or fraudulent records in this District to get false or fraudulent claims paid or approved by the Government.  Defendants can be found in, are authorized to transact business in, and are now transacting business in this District.

21.      Venue is proper in this District under 31 U.S.C. §3732(a) and 28 U.S.C. §1391 because Defendants transact business within this district.

## PARTIES

22.      Plaintiff and Relator Patsy Gallian is a citizen of the United States and a resident of the State of Texas. She brings this action on her own behalf and on behalf of the government pursuant to 31 U.S.C. §3730(b)(1), Texas Medicaid Fraud Prevention Act.

23.      Plaintiff and Relator Monique Jones is a citizen of the United States and a resident of the State of Texas. She brings this action on her own behalf and on behalf of the government pursuant to 31 U.S.C. §3730(b)(1), Texas Medicaid Fraud Prevention Act.

24.      Relators are original sources and have direct, personal, and independent knowledge of the information upon which the allegations herein are based.

25.      Defendant DaVita is a Delaware Corporation with its principal place of business located at 2000 16th Street, Denver, CO 80202.

26.      Defendant DaVita Rx is located at 1234 Lakeshore Drive, suite 200, Coppell, Texas 75019.

27.      Defendant DaVita Rx is a Pharmaceutical Distribution Segment of DaVita Healthcare Partners as defined in various 10k filings with the United States Securities and Exchange Commission.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

### FACTS

### GOVERNING LAWS, REGULATIONS,
### CODES OF CONDUCT & RELEVANT GOVERNMENT AGENCIES

A.     **The False Claims Act**

28.     Originally enacted in 1863, the FCA was substantially amended in 1986 by the False Claims Amendments Act.

29.     The 1986 amendments enhanced the Government's ability to recover losses sustained as a result of fraud against the United States.  Further clarifying amendments were adopted in May 2009 and March 2010.

30.     The FCA imposes liability upon any person who "knowingly presents, or causes to be presented [to the Government] a false or fraudulent claim for payment or approval"; or "knowingly makes, uses or causes to be made or used, a false record or statement material to a false or fraudulent claim"; or "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(1)(A), (B), (G) (emphasis added).  Any person found to have violated these provisions is liable for a civil penalty of up to $11,000 for each such false or fraudulent claim, plus three times the amount of the damages sustained by the Government.

31.     Significantly, the FCA imposes liability where the conduct is merely "in reckless disregard of the truth or falsity of the information" and further clarifies that "no proof of specific intent to defraud is required." 31 U.S.C. § 3729(b)(1).

32.     The FCA also broadly defines a "claim" as one that includes "any request or demand, whether under a contract or otherwise, for money or property and whether or not the

6

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

United States has title to the money or property, that – (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government – (i) provides or has provided any portion of the money or property requested or demanded; or (ii) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded." 31 U.S.C. § 3729(b)(2)(A).

33.     The FCA empowers private persons having information regarding a false or fraudulent claim against the Government to bring an action on behalf of the Government and to share in any recovery.  The complaint must be filed under seal without service on any Defendant. The complaint remains under seal while the Government conducts an investigation of the allegations in the complaint and determines whether to intervene in the action. 31 U.S.C. § 3730(b).

34.     In its February 2016 10K, in the section titled *"Government Regulation,"* DaVita specifically acknowledges that it is potentially subject to criminal and civil liability, fines, damages and monetary penalties for violations of various laws including the FCA.

B.     **Medicare / Medicaid**

35.     On July 30, 1965, President Lyndon B. Johnson signed into law the bill that led to Medicare and Medicaid coverage.

36.     The original Medicare program included Part A (Hospital Insurance) and Part B (Medical Insurance). Parts A & B are identified as "Original Medicare."

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

37.     The Medicare Prescription Drug Improvement and Modernization Act of 2003 ("MMA") made changes to the Medicare program. 42 U.S.C. § 1395w-101 et seq. (2004 supplement), 42 C.F.R. § 423.506.

38.     Under the MMA, private health plans approved by Medicare became known as Medicare Advantage Plans. These plans are sometimes called "Part C" or "MA Plans."

39.     The MMA also expanded Medicare to include an optional prescription drug benefit, "Part D," which went into effect in 2006.

40.     The Medicare Part D Program provides beneficiaries with assistance in paying for out-patient prescription drugs.

41.     The MMA provides that beneficiaries entitled to Medicare benefits under Part A or enrolled in Part B are eligible for Medicare Drug benefits under Part D.

42.     The Defendants participate in the Medicare Part D prescription drug program by providing prescription drug benefits in all fifty (50) states.

43.     Through its Medicare Part D business, Defendants provide Medicare prescription drug benefits to tens of thousands of beneficiaries.

44.     Medicare Part D provides the ability to obtain prescription drugs as an optional benefit to all people with Medicare for an additional charge.  This coverage is offered by insurance companies and other private companies approved by Medicare.

45.     Medicare Part D adds prescription drug coverage to Original Medicare, some Medicare Cost Plans, some Medicare Private-Fee-For-Service Plans, and Medicare Medical Savings Account Plans. These plans are offered by insurance companies and other private companies approved by Medicare. Medicare Advantage Plans may also offer prescription drug coverage that follows the same rules as Medicare Prescription Drug Plans.

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

46.     Medicare Part D is run by the Government, in that the Government and States pay for or subsidize payments for prescription drug coverage for eligible Medicare participants.  The Government and States often contract with private companies (such as the Defendants) to obtain medications for its citizens.

47.     There are strict guidelines and protocols in place to ensure that the Government and States are charged the proper amounts for the prescription drugs and that overpayments are reimbursed.

C.     **The Centers for Medicare & Medicaid Services**

48.     The Centers for Medicare & Medicaid Services, ("CMS"), is part of the Department of Health and Human Services (HHS).   The CMS delineates specific rules and regulations regarding the tracking, reporting and return of credits ("overpayments") to the Government.  On a quarterly basis on form CMS-838, Defendants are obligated to report/disclose Medicare credit balances.  Specifically, the CMS requires the reporting and return of credits regardless of classification or re-classification in the Defendants records.   Upon information and belief Defendants did not prepare accurate CMS-838 forms in an effort to further its fraud.

D.     **Examples of Payors**

(i) United States Department of Veterans Affairs

49.     The Veterans Health Administration ("VHA") is America's largest integrated health care system and serves approximately 8.76 million Veterans each year.

50.     Upon information and belief the VHA uses Defendants' services to fulfill prescriptions and provide medication to the Veterans it serves.

9

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

51.     Upon information and belief Defendants fraudulently withheld credits due the Government regarding payments made to Defendants on behalf of the veterans serviced by Defendants.

### (ii) Department of Defense/Tricare

52.     Under the Department of Defense ("DOD"), TRICARE is the health care program for active Uniformed Service Members, National Guard/Reserve and retired members of the U.S. Army, U.S. Air Force, U.S. Marine Corp, U.S. Navy, U.S. Coast Guard, commissioned Corps of the U.S. Public Health Service, commissioned Corps of the National Oceanic and Atmospheric Association, and their families/survivors around the world.  It serves approximately 9.4 million beneficiaries.

### (iii) Government Employee Programs

53.     Government Employees Health Association ("GEHA"), Federal Employee Health Program ("FEHB"), Mail Handlers Benefit Plan ("MHBP").

54.     The payers use Defendants' services to fulfill prescriptions and provide medication to their beneficiaries.

55.     Upon information and belief and as described more fully below, Defendants fraudulently overcharged and then withheld credits due the Government and States regarding payments made to Defendants on behalf of the beneficiaries serviced by Defendants.

### SPECIFIC FACTS AND ADMISSIONS BY DEFENDANTS CONTAINED WITHIN ITS ANNUAL 10K SEC FILINGS.

56.     For the fiscal year ending 2015 DaVita derived sixty-six percent (66%) of its revenue from Government based programs.  Specifically delineated as follows:

a.     Medicare and Medicare –assigned plans – 56%

b.     Medicaid and Medicaid –assigned plans – 6%

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

c.        Other government-based programs – 4%

57.      In its February 2016 10K DaVita acknowledges that it is "required to return overpayments including, federal funds, within sixty days of identification or claims associated with those overpayments are subject to FCA penalties."

58.      In its February 2016 10K DaVita acknowledges that approximately 22% of its dialysis services revenues for the year ended December 31, 2015 were generated from patients who have state Medicaid or other non-Medicare government-based programs, such as coverage through the Department of Veterans Affairs (VA), as their primary coverage.

59.      DaVita describes DaVita Rx as "a pharmacy that specializes in providing oral medications and medication management services to patients with ESRD and other chronic diseases."

60.      Due to an October 2014 agreement with the Government, regarding the settlement of FCA claims, DaVita is subject to a Corporate Integrity Agreement ("CIA"). Among other requirements, pursuant to the CIA DaVita is required to report:

a.        probable violations of criminal, civil or administrative laws applicable to any federal health care program for which penalties or exclusions may be authorized under applicable laws and regulations, and

b.        substantial overpayments of amounts of money we have received in excess of the amounts due and payable under the federal healthcare program requirements

61.      Upon information and belief, based upon the FCA claims contained within this complaint, DaVita is in violation of the above referenced October 2014 CIA with the Office of the US Attorney.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

### SPECIFIC ALLEGATIONS AS TO THE METHODS
### USED TO PERPETRATE THE FRAUD

62.     The manner in which Defendants defrauded the Government regarding Medicare.

Medicaid and Medicare Part D, and related insurance entities, was similarly perpetrated by

Defendants with respect to billing all payers including but not limited to the VHA and the DOD

/TRICARE systems.

63.     Defendants have violated the FCA, by billing for drugs without having signed

prescriptions.

64.     Defendants have further violated the FCA, by knowingly billing for medication

that are never shipped.

65.     Defendants have further violated the FCA, by shipping and charging for

medications to patients in facilities that are never picked up by patients, where such charges are

not reversed.

66.     Defendants have violated the FCA, by improperly billing medications being

shipped to Dialysis centers as if they are being picked up at pharmacies when medicine shipped

to dialysis centers are supposed to be billed with the actual dialysis service, and not as an

additional medication.

67.     Defendants have violated the FCA, by diverting Medicare Part D patients away

from obtaining medications through their Part D plans and instead directing patients to pay

DaVita directly.

68.     Defendants further advanced their fraud by putting prescriptions on automatic

refills and continuing to ship drugs out to patients who do not need them and charging the Payers

for the medications.

FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

69.     Further, Defendants have violated the FCA by permitting discrepancies to exist in the billing system causing payers to overpay on virtually every single payment made, either due to incorrectly collecting the patients' responsibility from the payers, incorrectly reimbursing amounts when the payer is paying more than they should and/or duplicating claims wherein the payer is paying twice for the same items.

## OVERBILLING AND SECRETING OVERCHARGES.

70.     In this action, Defendants knowingly and routinely submitted false bills, over-billed, diverted funds and falsely certified compliance with federal guidelines in violation of federal law.

71.     As a result of this illegal conduct, Defendants caused thousands of false claims to be made, amounting to multiple millions of dollars in losses to the Government.

72.     In most material respects, the State False Claims Acts mirror their Federal FCA.

## SPECIFIC FACTS REGARDING THE RELATORS

73.     In or around June 2015, Ms. Gallian began her employment with Defendants as a Revenue Operations Manager.

74.     Ms. Gallian's job duties as a Revenue Operations Manager include responsibilities for all revenue cycles for DaVita Rx, including billing, collections, cash application, credits, revenue operations, customer service, and working of denials.

75.     In or around September 2015, Ms. Jones began her employment with Defendants as a Senior Revenue Operations Specialist.

76.     Ms. Jones' job duties as a Senior Revenue Operations Specialist include Billing and Collections for Medicare DME claims and cash applications for Medicare DME claims for all 4 jurisdictions.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

77.     As a result, both Ms. Gallian and Ms. Jones are extremely familiar with the billing, collection, and reimbursement policies and procedures used by Defendants.

78.     Similarly, Relators are familiar with the various contracted billing rate agreements regarding Defendants and the numerous payers billed by Defendants.

79.     In their respective roles as a Revenue Operations Manager and Sr. Revenue Operations Specialist, Ms. Gallian and Ms. Jones discovered that Defendants intentionally presented false or fraudulent claims to the various aforementioned Government Agencies, programs and Part D Medicare plans for reimbursement on prescriptions.

80.     From approximately 2010 to the Present, the Defendants used a billing and management software program from Catamaran known as Rx Express.

81.     The majority of the billing issues and allegations herein were and continue to be accomplished by Defendants using the Rx Express system.

82.     This billing and management software allowed Defendants to knowingly and willfully ensure that the Government overpaid for prescriptions.

83.     The software also permitted Defendants to maintain Government overpayments.

84.     On or about September 2015, Relators became aware of many instances of fraudulent activity being committed by Defendants which are listed above and described more fully below.

85.     In response, on or about November 13, 2015, via telephone, Relator Jones contacted the Center for Medicare & Medicaid Services, Center for Program Integrity ("CMS").

86.     Soon thereafter, Relator Jones received a letter dated November 19, 2015 confirming said communication.

# FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

87.     On or about November 24, 2015, Relators Gallian and Jones contacted CMS together to provide additional information on the existing claim number as well as to inform CMS about other methods by which the Defendants were engaged in fraudulent billing practices.

88.     Approximately one week later Relators received a telephone call from an investigator hired by CMS to investigate the claims Relators' had presented to CMS.

89.     Since that time, Relators have had numerous telephone discussions with the investigator and provided extensive information to further clarify and inform the investigator on the plethora of fraudulent claims presented to the Government by Defendants.

## SPECIFIC EXAMPLES OF FRADULENT BILLING PRACTICES

### I.  NON-COMPLIANT BILLING PRACTICES

90.     Defendants bill the Government for medication without having met the requirements necessary to do so.

91.     Defendants will bill for medication without having valid and/or signed prescriptions.

92.     Defendants will bill for medication without having Medicare and/or Medicaid Part D insurance cards.

93.     Defendants will bill for medication without having medical records for the patient.

94.     Defendants will bill for medication without having the patient's consent on file.

95.     From approximately 2006 to the present, virtually every single prescription filled was done without being compliant with Medicaid's requirements.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

### II.      BILLING FOR MEDICATION THAT IS NEVER SHIPPED

96.      Defendants are being paid by the Government for medication that has never been shipped.

97.      Typically, there are insurance verification protocols to determine what payments will be in any given situation (something along the lines of a "test run").

98.      Instead, rather than run test protocols, Defendants submit a claim for payment, as a "live" claim and thus are paid for medications that are never in fact shipped out.

99.      There are approximately 7,000-8,000 prescriptions prepared each day of the work week.  Of those, about 10% each day, do not ship. Yet, Defendants are paid for them.

### III. FAILURE TO REVERSE CLAIMS WHEN PATIENTS DO NOT COLLECT PRESCRIPTIONS

100.      In the approximately 2000 facilities that DaVita services, the practice is to dispense medication to the facility for the patient to pick up, however the drugs often remain there and are not picked up.

101.      Rather than reversing the shipment and reimbursing the Government, DaVita leaves the medicine sitting there, not being used, wasting medication the Government is paying for.

102.      Specifically, when a patient is receiving dialysis, Defendants ship the medication to the facility where they will remains for an average of 300 days.

103.      The claims are supposed to be reversed in seven days if a patient does not pick up the medicine.

104.      After Defendants received the CID (which Plaintiff's believe was served in direct response to their having notified CMS of the various claims set forth herein) Defendants were

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

instructed not to destroy records or drugs, however, they are destroying drugs and are using two different companies, Stericycle and GenCo to do so.

106.    Additionally, as part of the CID, Defendants are supposed to be working to have the drugs that have been sitting, sent back and then claims reversed and money returned to the Government.

## IV. IMPROPERLY CODING BILLING AS IF TO PHARMACY, RATHER THAN TO TREATMENT FACILITIES

106.    All medication dispensed out of DaVita Rx are coded as 01 (pharmacy code) as if the medications are being picked up at a pharmacy. However, they are actually being picked up at Dialysis centers (Place of Service – Code #65).

107.    Any drug shipped to a dialysis center is supposed to be billed with the actual dialysis service. IE Blood filtered – any drug received is supposed to be bundled with that service. Thus, prescriptions shipped directly to a dialysis center should be billed as part of Medicare Part B billing and not separate, Medicare Part D billing.

108.    DaVita is billing Part D for the medication and using code 1 as if the patient is picking it up at a pharmacy, when the Patient is using the medication as part of their dialysis services.

109.    The medication should be part of bundled billing, but instead they are billed separately so it looks like it is going to a pharmacy, but the place of service is actually a dialysis center.

110.    This is true of most if not all of the 7000-8000 claims made every day.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

### V. IMPROPERLY SIPHONING PATIENTS AWAY FROM MEDICARE PART D AND CONTRACTING WITH THEM DIRECTLY AT REDUCED RATES

111.    When a patient is informed of their co-pay portion of their prescription and they respond that they are not able to pay for it, DaVita will reverse the charge.  They will then proceed to give the patient the DaVita cash price.  DaVita calls this process "cashing out".

112.    Thus, instead of Medicare Part D patients participating in their plans, they are induced into working directly with DaVita.

113.    Additionally, if an authorization is needed, DaVita will allow the prescription to go through without the authorization being obtained.

### VI. AUTOMATICALLY AND UNNECESSARILY REFILLING PRESCRIPTIONS WHICH THE GOVERNMENT PAYS FOR WHEN THE PATIENT DOES NOT NEED IT

114.    Defendants have most if not all of their prescriptions on automatic refill.

115.    Patients are being sent medications automatically, that they do not need, despite this being in direct violation of Federal and many State FCA statutes.

116.    Thus, the Government is paying for unnecessary, unwanted and ultimately unused prescriptions.

### VII. DISCREPENCIES IN BILLING SYSTEM THAT ALLOWS DUPLICATE CLAIMS AND OVERBILLING

117.    When requests for payment are transmitted from Defendants to the payers, the Government is regularly if not always overpaying for a variety of different reasons.

118.    One example of how overbilling occurs is defendants' practice of submitting duplicate claims, wherein the payer is billed twice for the same items.

# FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

119.    Another examples of false/overbilling is Defendants collecting the patient's responsibility portion from the Drug Manufacturers by way of copay assistance cards, rather than the patients.

120.    A third explanation for the overbilling is when Defendants simply incorrectly reimburse the payers, and the payer is paying more than they should pay.

121.    Everything that has been billed out of the system for the last ten years has been incorrect to the detriment of the payers.

122.    This was a known system default that was not corrected.

## COUNT I

### (False Claims Act: Presentation of False Claim – 31 U.S.C. §§ 3729-30)

123.    Relator realleges and incorporates by reference the allegations contained in all paragraphs above.

124.    This Count is brought by Relator in the name of the United States under the *qui tam* provisions of 31 U.S.C. §3730 for defendants' violation of 31 U.S.C. §3729.

125.    As a pre-requisite to participating in federally funded health-care programs, including Medicare Part D, Defendants expressly and/or impliedly certified their compliance with applicable statues and regulations.

126.    By virtue of the above-described acts, among others, defendants knowingly defrauded officers, employees or agents of the United States, by purposely withholding monies owed to the United States.

127.    By virtue of the above-described acts, defendants knowingly created, and likely continue to create, and/or submit false records and statements to obtain payment from the United States for false or fraudulent claims of services not provided.

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

128.   The amounts of the false or fraudulent claims to the United States were material.

129.   Federal health insurance programs, including Medicare Part D, have paid what likely amounts to millions of dollars in for drugs that were over billed, improperly billed, fraudulently billed and not refunded in violation of the Part D program requirements.

130.   The Government, unaware of the fraud perpetrated on them by the Defendants, paid and likely continues to pay defendants, directly or indirectly, for prescription drugs which were never rendered and/or were billed at an improper rate.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

## COUNT II

### (False Claims Act: Presentation of False Claims – 31 U.S.C. § 3729(a)(1)(A)

131.   All of the preceding allegations are incorporated herein.

132.   As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, Defendants knowingly, or acting with reckless disregard for the truth, presented and/or caused to be presented false or fraudulent claims for payment or approval in connection with its overbilling and improper retention of funds in violation of 31 U.S.C. § 3729(a)(1)(A).

133.   As a result, the Government made substantial payments on insurance claims and incurred substantial losses related to the submission of Medicare, Medicaid and/or Medicare Part D payments, because of Defendants' wrongful conduct.

134.   Accordingly, the Government has suffered damages in the amount of tens if not hundreds of millions of dollars improperly paid Medicare, Medicaid and Medicare Part D

# FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

insurance claims and is entitled to a civil penalty for each and every violation of the FCA as required by law.

## COUNT III

### (False Claims Act: Making or Using a False Record of Statement to Cause a Claim to be Paid – 31 U.S.C. § 3729(a)(1)(B))

135.    All of the preceding allegations are incorporated herein.

136.    As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, Defendants have knowingly, or acting with disregard for the truth, made, used, or caused to be made or used, false record or statements in connection with its submission of invoices, bills, and retention of monetary credits due the Government in violation of 31 U.S.C. § 3729(a)(1)(B).

137.    As a result, the Government made substantial payments on insurance claims and incurred substantial losses related to the submission of Medicare, Medicaid and/or Medicare Part D payments, because of Defendants' wrongful conduct.

138.    Accordingly, the Government has suffered damages in the amount of tens if not hundreds of millions of dollars improperly paid Medicare, Medicaid and Medicare Part D insurance claims and is entitled to a civil penalty for each and every violation of the FCA as required by law.

## COUNT IV

### (False Claims Act: Conspiracy – 31 U.S.C. § 3729(a)(1)(C)

139.    All of the preceding allegations are incorporated herein.

140.    As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, Defendants have conspired to make or present false or fraudulent claims and performed one or more acts to effect payment of false or fraudulent claims.

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

141.    Accordingly, the Government has suffered damages in the amount of tens if not hundreds of millions of dollars improperly paid Medicare, Medicaid and Medicare Part D insurance claims and is entitled to a civil penalty for each and every violation of the FCA as required by law.

## COUNT V

### (Texas Medicaid Fraud Prevention Act)
### (Human Resources Code §§ 36.001 *et seq.* & Gov't Code §§531.101 *et seq.*)

142.    This Count is brought by Relators in the name of the State of Texas under the Texas Medicaid Fraud Prevention Act for defendants' violation of that statute.

143.    By virtue of the above-described acts, among others, defendants knowingly defrauded officers, employees or agents of the State of Texas, by purposely withholding monies owed to Texas.

144.    By virtue of the above-described acts, defendants knowingly created, and likely continue to create and/or submit, false records and statements to obtain payment from the State of Texas for false or fraudulent claims of services not provided.

145.    The amounts of the false or fraudulent claims to the State of Texas were material.

146.    The State of Texas, unaware of the fraud perpetrated on them by the Defendants, paid and likely continue to pay defendants, directly or indirectly, for prescription drugs which were never rendered and/or were billed at an improper rate.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

147.    Pursuant to Texas Human Rights Code §§36.001 *et seq* and Gov't Code §§531.101 *et seq.* the State of Texas is entitled to damages for each and every false or fraudulent

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

claim, record or statement made, used, presented or caused to be made, used or presented by Defendants

### COUNT VI

### (California False Claims and Reporting Act)
### (Cal. Gov't Code §12650 et seq.)

148.   All of the preceding allegations are incorporated herein.

149.   By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the California State Government for payment or approval.

150.   By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the California State Government to approve and pay such false and fraudulent claims.

151.   The California State Government, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.

152.   By reason of the Defendants' acts, the State of California has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

153.   Pursuant to Cal. Gov't Code §12651(a), the State of California is entitled to three times the amount of actual damages plus the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

## COUNT VII

### (New York False Claims Act)
### (N.Y. State Fin. Law §§ 187 et seq.)

154.     All of the preceding allegations are incorporated herein.

155.     By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the New York State Government for payment or approval.

156.     By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the New York State Government to approve and pay such false and fraudulent claims.

157.     The New York State Government, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.

158.     By reason of the Defendants' acts, the State of New York has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

159.     Pursuant to N.Y. State Fin. Law § 189.1(g), the State of New York is entitled to three times the amount of actual damages plus the maximum penalty of $12,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims.

FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

### PRAYER FOR JUDGMENT

WHEREFORE, Relator, on behalf of the United States Government and the governments of the States including the State of Texas, against defendants, and each of them as follows:

a.      Finding and adjudging that defendants have violated and be enjoined from future violations of the Federal False Claims Act, 31 U.S.C. section 3729-32, and Section 190(b) of the Texas Medicaid Fraud Prevention Act, and be enjoined from future violations of each Act.

b.      Pursuant to 31 U.S.C. § 3729 ordering defendants to pay damages in an amount equal to three times the amount of actual damages the United States Government has sustained because of defendant's false or fraudulent claims, plus the maximum civil penalty for each violation of 31 U.S.C. § 3729, *et seq.;*

c.      Relator be awarded the maximum award permitted pursuant to 31 U.S.C. Section 3730 (d) of the FCA and/or any other applicable provision of law;

d.      Relator be awarded the relator's share of any judgment to the maximum amount provided pursuant to the FCA and/or any applicable State statute or provision of law.

e.      On the remaining Causes of Action, Relator and each State Plaintiff requests that Defendants, jointly and severally as to the State claims, be ordered to pay damages in an amount equal to three times the amount of actual damages sustained by each State as a result of defendants' false and fraudulent claims, plus the maximum civil penalty for each violation of the Texas Medicaid Fraud Prevention Act and awarding plaintiff the maximum award permitted under Section 190 of the Texas Medicaid Fraud Prevention Act;

f.      Relator be awarded all costs and expenses of this action, including attorney fees as provided by 31 U.S.C. § 3730(d) and any other applicable provision of law;

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

g.  Relator being awarded such other and further relief as the Court deems just and proper.

Dated: April 5, 2016

Respectfully submitted,

Attorneys for Plaintiffs/Relators

Valli Kane & Vagnini LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
Tel: 516-203-7180
Fax 516-706-0248
Skane@vkvlawyers.com
rvalli@vkvlawyers.com

By: _____
    *SARA WYN KANE (SK-6390)
    *ROBERT J. VALLI, JR (RV-9995)
    **Pro Hac Vice Application Forthcoming**

The Cochran Firm
3400 Carlisle Street, Suite 550
Dallas, Texas  75204
Tel: 214-651-4260
Fax: 214-651-4261
ltaylor@thecochranfirmdallas.com

By: _____
    Larry Taylor (LT-24071156)

26

JS 44-TXND  (Rev. 11/15)

FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA ex rel. Patsy Gallian & Monique Jones,STATE OF TEXAS,ex rel., Patsy Gallian & Monique Jones and Patsy Gallian & Monique Jones Individually

**DEFENDANTS**
DaVita Rx LLC a wholly owned subsidiary, DaVita HealthCare Partners Inc., Jane Doe and John Does

(b) County of Residence of First Listed Plaintiff   Denton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Sara Wyn Kane,VALLI KANE & VAGNINI,LLP,600 Old Country Rd Suite 519, Garden City,NY 11530,516-203-7180 & Larry Taylor, The Cochran Firm,3400 Carlisle St,Suite 550 Dallas,TX 75204, 214-651-4260

ORIGINAL

Attorneys *(If Known)*

3-16CV0943-B

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 U.S.C. 3729-32
Brief description of cause:
Federal False Claims Act Qui Tam

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   4/5/16

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____