CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 MAY 10  PM 1: 11

DEPUTY CLERK_____

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

**VALLI KANE & VAGNINI, LLP**
**600 OLD COUNTRY ROAD, SUITE 519**
**GARDEN CITY, NEW YORK 11530**
**(516) 203-7180**

ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* Patsy Gallian & Monique Jones, THE STATES of ALABAMA, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, KANSAS, MARYLAND, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, WASHINGTON *ex rel.*, Patsy Gallian & Monique Jones; COMMONWEALTHS OF KENTUCKY, MASSACHUSETTS, PENNSYLVANIA, VIRGINIA *ex rel.*, Patsy Gallian & Monique Jones; DISTRICT OF COLUMBIA *ex rel.*, Patsy Gallian & Monique Jones and  Patsy Gallian & Monique Jones Individually | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) **FIRST AMENDED COMPLAINT** ) ) **FILED UNDER SEAL** |
| v. | ) ) **JURY TRIAL DEMANDED** ) |
| DaVita Rx LLC a wholly owned subsidiary, DaVita HealthCare Partners Inc., Jane Doe and John Does, | ) **INDEX NO. 3-16CV0943-B** ) ) ) |
| Defendants. | ) ) ) |

SEALED

### PRELIMINARY STATEMENT

1.      This is a *qui tam* action brought in the name of both the United States of America, and the States and/or Commonwealths of Alabama, California, Colorado, Connecticut, Delaware,

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

District of Columbia, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Louisiana, Kansas, Kentucky, Maryland, Massachusetts, Michigan, Minnesota, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Pennsylvania, Tennessee, Texas, Vermont, Virginia, Washington ("the States") by and through the relators Patsy Gallian and Monique Jones, to recover treble damages and civil penalties arising from false statements and claims made or caused to be made by Defendants DaVita Rx LLC("DaVita Rx"), a wholly owned subsidiary of DaVita Health Care Partners, Inc, ("DaVita") and the Jane and John Does (collectively "Defendants"), to the United States Government ("United States"), and the States, collectively the "Government"), in violation of the Federal False Claims Act, 31 U.S.C. §§ 3729-32) and the following State Statutes (hereinafter collectively referred to as, "State Statutes"): Alabama False Claims Statute Policy (Ala. Code 1975 § 22-1-11), California False Claims and Reporting Act (Cal. Gov't Code §12650 et seq.), Colorado Medicaid False Claims Act (CO ST § 25.5-4-303.5), Connecticut False Claims Act, (Conn. Gen. Stat. §§ 17b-301a-17b-301p), Delaware False Claims and Reporting Act (Del Code Ann. tit. 6, §§ 1201 et seq.), District of Columbia False Claims Act (DC Code §§2-381.01 *et seq.*), Florida False Claims Act (Fla. Stat.68.081), Georgia Taxpayer Protection False Claims Act (Ga. Code Ann. §§49-4-168 *et seq.* & § 23-3-120 *et seq.*), Hawaii False Claims Act (Haw. Rev. Stat. 661-21 et seq.), Illinois False Claims Act (810 Ill. Comp. Stat. § 740 ILCS 175/1), Indiana False Claims and Whistleblower Protection Act (Ind. Code § 5-11-5.5), Iowa False Claims Act (Iowa Code § 685.1), Louisiana Medical Assistance Programs Integrity Law- Claims Review and Administrative (La. Stat. Ann. §§ 6:438.1. *et seq*), Kansas False Claims Act (Kan. Stat. Ann. § 75-7501), Kentucky False Claims Statute Policy (Ky. Rev. Stat. Ann. §§205.8451-205.8483), Maryland False Health Claims Act (Md. Code Ann. Health-Gen §§ 2-601 *et seq.*), Massachusetts False Claims Act (Mass. Gen. Laws

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

ch. 12 § 5A), Michigan Medicaid False Claim Act (Mich. Comp. Laws § 400.601), Minnesota

False Claims Act (Minn. Stat. § 15C.01), Montana False Claims Act (Mont. Code Ann. § 17-8-

401), Nevada- Submission of False Claims to State or Local Government (Nev. Rev. Stat. §

357.010), New Hampshire False Claims Act (N.H. Rev. Stat. Ann. § 167:61-b), New Jersey False

Claims Act (N.J. Rev. Stat. § 2A:32C-1), New Mexico Medicaid False Claims Act (N.M. Stat. §

27-14-1),  New York False Claims Act (N.Y. State Fin. Law §§ 187 *et seq.)* North Carolina False

Claims Act (N.C. Gen. Stat. Ann. §§1-605 *et seq.*), Oklahoma Medicaid False Claims Act (Okla.

Stat. tit. §63-5053), Pennsylvania False Claims Statutes Policy (62 Pa. Cons. Stat. § 1407), Rhode

Island False Claims Act (R.I. Gen. Laws §§9-1.1-1), Tennessee False Claims Act & Tennessee

Medicaid False Claims Act (Tenn. Code Ann. §§4-18-101 *et seq.* & §§ 71-5-181 *et seq.*), Texas

Medicaid Fraud Prevention Act. (Texas Human Rights Code §§36.001 *et seq* and Gov't Code

§§531.101 *et seq.*), Vermont False Claims Act (Vt. Stat. Ann. Tit. H.120 § 630), Virginia Fraud

Against Taxpayers Act (Va. Code Ann. § 8.01-216.1), and the Washington State Medicaid Fraud

False Claims Act (Wash. Rev. Code § 74.66.005).

2.      DaVita's headquarters are at 2000 16th Street, Denver, Colorado 80202.

3.      As of 1994, DaVita was incorporated in the State of Delaware.

4.      DaVita Rx is a full-service pharmacy specializing in renal care; designed

specifically for kidney patients.

5.      Pursuant to statements in DaVita's latest 10K filing, DaVita Rx LLC, is a wholly

owned pharmacy services subsidiary of DaVita HealthCare Partners Inc.

6.      DaVita's February 2016, 10K report for the fiscal year ending December 31, 2015

provides the following overview of the company: The Company consists of two major divisions,

Kidney Care and HealthCare Partners (HCP). Kidney Care is comprised of their U.S. dialysis and

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

related lab services, ancillary services and strategic initiatives, including international operations and corporate administrative support. The U.S. dialysis and related lab services business is their largest line of business, which is a leading provider of kidney dialysis services in the U.S. for patients suffering from chronic kidney failure, also known as end stage renal disease (ESRD). The HCP division is a patient- and physician-focused integrated healthcare delivery and management company with over two decades of providing coordinated, outcomes-based medical care in a cost-effective manner.

7.      Per the 10K report, as of December 31, 2015, DaVita provided dialysis and administrative services in the U.S. through a network of 2,251 outpatient dialysis centers in 46 states and the District of Columbia, serving a total of approximately 180,000 patients. DaVita obtains funding from the Government for the services it provides via Medicaid, Medicare, and TriCare, among others.  DaVita's latest 10k stated that "For the year ended December 31, 2015, approximately 89% of our total dialysis patients were covered under some form of government-based programs, with approximately 76% of our dialysis patients covered under Medicare and Medicare-assigned plans."

8.      DaVita's stated percentages for the number of patients covered under some form of government based programs and Medicare and Medicare assigned plans for Fiscal year 2015, are similar to their stated percentages for the years prior to 2015.

9.      As a subsidiary of DaVita Health Care Partners, DaVita RX is their nationwide full-service provider of specialty pharmacy medications, including medications for the dialysis centers.

10.      DaVita has over 2000 Dialysis Center locations amongst the 46 states within which it admittedly practices.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

11.    Upon information and belief, starting in at least 2006 and continuing to the present, false and fraudulent information was submitted to the Government and the States in order to justify Defendants receiving funds to which they were not entitled.

12.    Defendants were aware that they were overcharging the Government and withholding funds due to the Government.

13.    This deliberate and ongoing pattern of conduct, set forth herein and supported by eyewitness testimony and documentation, violates state and federal law.

14.    Relators therefore bring this action against DaVita HealthCare Partners and DaVita RX, for its deliberate fraud against the Government and the States.

### JURISDICTION AND VENUE

15.    This is a civil action arising under the laws of the United States to redress violations of the False Claims Act, 31 U.S.C. §§ 3729-3730.  This court has jurisdiction over the subject matter of this action pursuant to 31 U.S.C. § 3732, as well as 28 U.S.C. §§ 1331 and 1345.

16.    This court has supplemental jurisdiction over plaintiffs' State law claims pursuant to 28 U.S.C. § 1367.

17.    This suit is not based upon prior public disclosures of allegations or transactions in a criminal, civil, or administrative hearing, lawsuit or investigation or in a Government Accounting Office or Auditor General's report, hearing, audit, or investigation, or from the news media.

18.    To the extent that there has been a public disclosure unknown to the Relators, they are the original source of the information under the Federal False Claims Act, (31 U.S.C. §§ 3729-32) and the State Statutes.

19.    Relators have direct and independent knowledge of the information on which these allegations are based. They have provided or are concurrently providing to the Attorney General

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

of the United States, the United States Attorney for the Eastern District of Texas and the Attorney Generals of the States/Commonwealths of the States, a statement summarizing known material evidence and information related to the Complaint, in accordance with the provisions of 31 U.S.C. §3730(b)(2) and relevant sections of the respective and aforementioned State Statues. This disclosure statement is supported by clear and competent evidence documenting Relators' first-hand knowledge of defendants' conduct described herein.

20.     This court has personal jurisdiction over defendants under 31 U.S.C. § 3732(a) because Defendants submitted false or fraudulent claims directly or indirectly to the Government through their Texas facility, and because defendants have made, used, or caused to be made or used, false or fraudulent records in this District to get false or fraudulent claims paid or approved by the Government. Defendants can be found in, are authorized to transact business in, and are now transacting business in this District.

21.     Venue is proper in this District under 31 U.S.C. §3732(a) and 28 U.S.C. §1391 because Defendants transact business within this district.

### PARTIES

22.     Plaintiff and Relator Patsy Gallian is a citizen of the United States and a resident of the State of Texas. She brings this action on her own behalf and on behalf of the government pursuant to 31 U.S.C. §3730(b)(1), and each of the States corresponding acts as set forth herein.

23.     Plaintiff and Relator Monique Jones is a citizen of the United States and a resident of the State of Texas. She brings this action on her own behalf and on behalf of the government pursuant to 31 U.S.C. §3730(b)(1) and each of the States corresponding acts as set forth herein.

24.     Relators are original sources and have direct, personal, and independent knowledge of the information upon which the allegations herein are based.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

25.      Defendant DaVita is a Delaware Corporation with its principal place of business located at 2000 16th Street, Denver, CO 80202.

26.      Defendant DaVita Rx is located at 1234 Lakeshore Drive, suite 200, Coppell, Texas 75019.

27.      Defendant DaVita Rx is a Pharmaceutical Distribution Segment of DaVita Healthcare Partners as defined in various 10k filings with the United States Securities and Exchange Commission.

### FACTS

### GOVERNING LAWS, REGULATIONS, CODES OF CONDUCT & RELEVANT GOVERNMENT AGENCIES

A.      The False Claims Act

28.      Originally enacted in 1863, the FCA was substantially amended in 1986 by the False Claims Amendments Act.

29.      The 1986 amendments enhanced the Government's ability to recover losses sustained as a result of fraud against the United States.  Further clarifying amendments were adopted in May 2009 and March 2010.

30.      The FCA imposes liability upon any person who "knowingly presents, or causes to be presented [to the Government] a false or fraudulent claim for payment or approval"; or "knowingly makes, uses or causes to be made or used, a false record or statement material to a false or fraudulent claim"; or "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government."  31 U.S.C. § 3729(a)(1)(A), (B), (G) (emphasis added).  Any person found to have violated these provisions is liable for a civil penalty of up to

7

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

$11,000 for each such false or fraudulent claim, plus three times the amount of the damages sustained by the Government.

31.     Significantly, the FCA imposes liability where the conduct is merely "in reckless disregard of the truth or falsity of the information" and further clarifies that "no proof of specific intent to defraud is required." 31 U.S.C. § 3729(b)(1).

32.     The FCA also broadly defines a "claim" as one that includes "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that – (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government – (i) provides or has provided any portion of the money or property requested or demanded; or (ii) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded." 31 U.S.C. § 3729(b)(2)(A).

33.     The FCA empowers private persons having information regarding a false or fraudulent claim against the Government to bring an action on behalf of the Government and to share in any recovery.  The complaint must be filed under seal without service on any Defendant. The complaint remains under seal while the Government conducts an investigation of the allegations in the complaint and determines whether to intervene in the action. 31 U.S.C. § 3730(b).

34.     In its February 2016 10K, in the section titled "*Government Regulation,*" DaVita specifically acknowledges that it is potentially subject to criminal and civil liability, fines, damages

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

and monetary penalties for violations of various laws including the FCA.

    B.    **Medicare / Medicaid**

    35.    On July 30, 1965, President Lyndon B. Johnson signed into law the bill that led to Medicare and Medicaid coverage.

    36.    The original Medicare program included Part A (Hospital Insurance) and Part B (Medical Insurance). Parts A & B are identified as "Original Medicare."

    37.    The Medicare Prescription Drug Improvement and Modernization Act of 2003 ("MMA") made changes to the Medicare program. 42 U.S.C. § 1395w-101 et seq. (2004 supplement), 42 C.F.R. § 423.506.

    38.    Under the MMA, private health plans approved by Medicare became known as Medicare Advantage Plans. These plans are sometimes called "Part C" or "MA Plans."

    39.    The MMA also expanded Medicare to include an optional prescription drug benefit, "Part D," which went into effect in 2006.

    40.    The Medicare Part D Program provides beneficiaries with assistance in paying for out-patient prescription drugs.

    41.    The MMA provides that beneficiaries entitled to Medicare benefits under Part A or enrolled in Part B are eligible for Medicare Drug benefits under Part D.

    42.    The Defendants participate in the Medicare Part D prescription drug program by providing prescription drug benefits in all fifty (50) states.

    43.    Through its Medicare Part D business, Defendants provide Medicare prescription drug benefits to tens of thousands of beneficiaries.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

44.     Medicare Part D provides the ability to obtain prescription drugs as an optional benefit to all people with Medicare for an additional charge. This coverage is offered by insurance companies and other private companies approved by Medicare.

45.     Medicare Part D adds prescription drug coverage to Original Medicare, some Medicare Cost Plans, some Medicare Private-Fee-For-Service Plans, and Medicare Medical Savings Account Plans. These plans are offered by insurance companies and other private companies approved by Medicare. Medicare Advantage Plans may also offer prescription drug coverage that follows the same rules as Medicare Prescription Drug Plans.

46.     Medicare Part D is run by the Government, in that the Government and States pay for or subsidize payments for prescription drug coverage for eligible Medicare participants. The Government and States often contract with private companies (such as the Defendants) to obtain medications for its citizens.

47.     There are strict guidelines and protocols in place to ensure that the Government and States are charged the proper amounts for the prescription drugs and that overpayments are reimbursed.

### C.     The Centers for Medicare & Medicaid Services

48.     The Centers for Medicare & Medicaid Services, ("CMS"), is part of the Department of Health and Human Services (HHS).  The CMS delineates specific rules and regulations regarding the tracking, reporting and return of credits ("overpayments") to the Government. On a quarterly basis on form CMS-838, Defendants are obligated to report/disclose Medicare credit balances.  Specifically, the CMS requires the reporting and return of credits regardless of classification or re-classification in the Defendants records.   Upon information and belief Defendants did not prepare accurate CMS-838 forms in an effort to further its fraud.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

D.      **Examples of Payers**

(i) United States Department of Veterans Affairs

49.     The Veterans Health Administration ("VHA") is America's largest integrated health care system and serves approximately 8.76 million Veterans each year.

50.     Upon information and belief the VHA uses Defendants' services to fulfill prescriptions and provide medication to the Veterans it serves.

51.     Upon information and belief Defendants fraudulently withheld credits due the Government regarding payments made to Defendants on behalf of the veterans serviced by Defendants.

(ii) Department of Defense/Tricare

52.     Under the Department of Defense ("DOD"), TRICARE is the health care program for active Uniformed Service Members, National Guard/Reserve and retired members of the U.S. Army, U.S. Air Force, U.S. Marine Corp, U.S. Navy, U.S. Coast Guard, commissioned Corps of the U.S. Public Health Service, commissioned Corps of the National Oceanic and Atmospheric Association, and their families/survivors around the world.  It serves approximately 9.4 million beneficiaries.

53.     Upon information and belief Defendants fraudulently withheld credits due the DOD and TRICARE regarding payments made to Defendants on behalf of the members serviced by Defendants.

(iii) Government Employee Programs

54.     Government Employees Health Association ("GEHA"), Federal Employee Health Program ("FEHB"), and Mail Handlers Benefit Plan ("MHBP") use Defendants' services to fulfill prescriptions and provide medication to their beneficiaries.

11

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

55.     Upon information and belief and as described more fully below, Defendants fraudulently overcharged and then withheld credits due the Government and States regarding payments made to Defendants on behalf of the beneficiaries serviced by Defendants.

### SPECIFIC FACTS AND ADMISSIONS BY DEFENDANTS CONTAINED WITHIN ITS ANNUAL 10K SEC FILINGS.

56.     For the fiscal year ending 2015 DaVita derived sixty-six percent (66%) of its revenue from Government based programs.  Specifically delineated as follows:

a.          Medicare and Medicare –assigned plans – 56%

b.          Medicaid and Medicaid –assigned plans – 6%

c.          Other government-based programs – 4%

57.     In its February 2016 10K DaVita acknowledges that it is "required to return overpayments including, federal funds, within sixty days of identification or claims associated with those overpayments are subject to FCA penalties."

58.     In its February 2016 10K DaVita acknowledges that approximately 22% of its dialysis services revenues for the year ended December 31, 2015 were generated from patients who have state Medicaid or other non-Medicare government-based programs, such as coverage through the Department of Veterans Affairs (VA), as their primary coverage.

59.     DaVita describes DaVita Rx as "a pharmacy that specializes in providing oral medications and medication management services to patients with ESRD and other chronic diseases."

60.     Due to an October 2014 agreement with the Government, regarding the settlement of FCA claims, DaVita is subject to a Corporate Integrity Agreement ("CIA").  Among other requirements, pursuant to the CIA DaVita is required to report:

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

a.        probable violations of criminal, civil or administrative laws applicable to any federal health care program for which penalties or exclusions may be authorized under applicable laws and regulations, and

b.        substantial overpayments of amounts of money we have received in excess of the amounts due and payable under the federal healthcare program requirements

61.     Upon information and belief, based upon the FCA claims contained within this complaint, DaVita is in violation of the above referenced October 2014 CIA with the Office of the US Attorney.

### SPECIFIC ALLEGATIONS AS TO THE METHODS
### USED TO PERPETRATE THE FRAUD

62.     The manner in which Defendants defrauded the Government regarding Medicare. Medicaid and Medicare Part D, and related insurance entities, was similarly perpetrated by Defendants with respect to billing all payers including but not limited to the VHA and the DOD /TRICARE systems.

63.     Defendants have violated the FCA, by billing for drugs without having signed prescriptions.

64.     Defendants have further violated the FCA, by knowingly billing for medications that are never shipped.

65.     Defendants have further violated the FCA, by shipping and charging for medications to patients in facilities that are never picked up by patients, where such charges are not reversed.

66.     Defendants have violated the FCA, by improperly billing for medications being shipped to Dialysis centers as if they are being picked up at pharmacies when medicine shipped to

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

dialysis centers is supposed to be billed with the actual dialysis service, and not as an additional medication.

67.     Defendants have violated the FCA, by diverting Medicare Part D patients away from obtaining medications through their Part D plans and instead directing patients to pay DaVita directly.

68.     Defendants further advanced their fraud by putting prescriptions on automatic refills and continuing to ship drugs out to patients who do not need them and charging the Payers for the medications.

69.     Further, Defendants have violated the FCA by permitting discrepancies to exist in the billing system causing payers to overpay on virtually every single payment made, either due to incorrectly collecting the patients' responsibility from the payers, incorrectly reimbursing amounts when the payer is paying more than they should and/or duplicating claims wherein the payer is paying twice for the same items.

**OVERBILLING AND SECRETING OVERCHARGES.**

70.     In this action, Defendants knowingly and routinely submitted false bills, over-billed, diverted funds and falsely certified compliance with federal guidelines in violation of federal law.

71.     As a result of this illegal conduct, Defendants caused thousands of false claims to be made, amounting to multiple millions of dollars in losses to the Government.

72.     In most material respects, the State False Claims Acts mirror their Federal FCA.

**SPECIFIC FACTS REGARDING THE RELATORS**

73.     In or around June 2015, Ms. Gallian began her employment with Defendants as a Revenue Operations Manager.

14

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

74.     Ms. Gallian's job duties as a Revenue Operations Manager include responsibilities for all revenue cycles for DaVita Rx, including billing, collections, cash application, credits, revenue operations, customer service, and working of denials.

75.     In or around September 2015, Ms. Jones began her employment with Defendants as a Senior Revenue Operations Specialist.

76.     Ms. Jones' job duties as a Senior Revenue Operations Specialist include Billing and Collections for Medicare DME claims and cash applications for Medicare DME claims.

77.     As a result, both Ms. Gallian and Ms. Jones are extremely familiar with the billing, collection, and reimbursement policies and procedures used by Defendants.

78.     Similarly, Relators are familiar with the various contracted billing rate agreements regarding Defendants and the numerous payers billed by Defendants.

79.     In their respective roles as a Revenue Operations Manager and Sr. Revenue Operations Specialist, Ms. Gallian and Ms. Jones discovered that Defendants intentionally presented false or fraudulent claims to the various aforementioned Government Agencies, programs and Part D Medicare plans for reimbursement on prescriptions.

80.     From approximately 2010 to the Present, the Defendants used a billing and management software program from Catamaran known as Rx Express.

81.     The majority of the billing issues and allegations herein were and continue to be accomplished by Defendants using the Rx Express system.

82.     This billing and management software allowed Defendants to knowingly and willfully ensure that the Government overpaid for prescriptions.

83.     The software also permitted Defendants to maintain Government overpayments.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

84.    On or about September 2015, Relators became aware of many instances of fraudulent activity being committed by Defendants which are listed above and described more fully below.

85.    In response, on or about November 13, 2015, via telephone, Relator Jones contacted the Center for Medicare & Medicaid Services, Center for Program Integrity ("CMS").

86.    Soon thereafter, Relator Jones received a letter dated November 19, 2015 confirming said communication.

87.    On or about November 24, 2015, Relators Gallian and Jones contacted CMS together to provide additional information on the existing claim number as well as to inform CMS about other methods by which the Defendants were engaged in fraudulent billing practices.

88.    Approximately one week later Relators received a telephone call from an investigator hired by CMS to investigate the claims Relators' had presented to CMS.

89.    Since that time, Relators have had numerous telephone discussions with the investigator and provided extensive information to further clarify and inform the investigator on the plethora of fraudulent claims presented to the Government by Defendants.

### SPECIFIC EXAMPLES OF FRADULENT BILLING PRACTICES

### I. NON-COMPLIANT BILLING PRACTICES

90.    Defendants bill the Government for medication without having met the requirements necessary to do so.

91.    Defendants will bill for medication without having valid and/or signed prescriptions.

92.    Defendants will bill for medication without having Medicare and/or Medicaid Part D insurance cards.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

93.     Defendants will bill for medication without having medical records for the patient.

94.     Defendants will bill for medication without having the patient's consent on file.

95.     From approximately 2006 to the present, virtually every single prescription filled was done without being compliant with Medicaid's requirements.

### II.     BILLING FOR MEDICATION THAT IS NEVER SHIPPED

96.     Defendants are being paid by the Government for medication that has never been shipped.

97.     Typically, there are insurance verification protocols to determine what payments will be in any given situation (something along the lines of a "test run").

98.     Instead, rather than run test protocols, Defendants submit a claim for payment, as a "live" claim and thus are paid for medications that are never in fact shipped out.

99.     There are approximately 7,000-8,000 prescriptions prepared each day of the work week. Of those, about 10% each day, do not ship. Yet, Defendants are paid for them.

### III. FAILURE TO REVERSE CLAIMS WHEN PATIENTS DO NOT COLLECT PRESCRIPTIONS

100.    In the approximately 2000 facilities that DaVita services, the practice is to dispense medication to the facility for the patient to pick up, however the drugs often remain there and are not picked up.

101.    Rather than reversing the shipment and reimbursing the Government, DaVita leaves the medicine sitting there, not being used, wasting medication the Government is paying for.

102.    Specifically, when a patient is receiving dialysis, Defendants ship the medication to the facility where they will remains for an average of 300 days.

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

103.   The claims are supposed to be reversed in seven days if a patient does not pick up the medicine.

104.   After Defendants received the CID (which Plaintiff's believe was served in direct response to their having notified CMS of the various claims set forth herein) Defendants were instructed not to destroy records or drugs, however, they are destroying drugs and are using two different companies, Stericycle and GenCo to do so.

105.   Additionally, as part of the CID, Defendants are supposed to be working to have the drugs that have been sitting, sent back and then claims reversed and money returned to the Government.

### IV. IMPROPERLY CODING BILLING AS IF TO PHARMACY, RATHER THAN TO TREATMENT FACILITIES

106.   All medication dispensed out of DaVita Rx are coded as 01 (pharmacy code) as if the medications are being picked up at a pharmacy. However, they are actually being picked up at Dialysis centers (Place of Service – Code #65).

107.   Any drug shipped to a dialysis center is supposed to be billed with the actual dialysis service. IE Blood filtered – any drug received is supposed to be bundled with that service. Thus, prescriptions shipped directly to a dialysis center should be billed as part of Medicare Part B billing and not separate, Medicare Part D billing.

108.   DaVita is billing Part D for the medication and using code 1 as if the patient is picking it up at a pharmacy, when the Patient is using the medication as part of their dialysis services.

109.   The medication should be part of bundled billing, but instead they are billed separately so it looks like it is going to a pharmacy, but the place of service is actually a dialysis center.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

110.    This is true of most if not all of the 7000-8000 claims made every day.

## V. IMPROPERLY SIPHONING PATIENTS AWAY FROM MEDICARE PART D AND CONTRACTING WITH THEM DIRECTLY AT REDUCED RATES

111.    When a patient is informed of their co-pay portion of their prescription and they respond that they are not able to pay for it, DaVita will reverse the charge.  They will then proceed to give the patient the DaVita cash price.  DaVita calls this process "cashing out".

112.    Thus, instead of Medicare Part D patients participating in their plans, they are induced into working directly with DaVita.

113.    Additionally, if an authorization is needed, DaVita will allow the prescription to go through without the authorization being obtained.

## VI. AUTOMATICALLY AND UNNECESSARILY REFILLING PRESCRIPTIONS WHICH THE GOVERNMENT PAYS FOR WHEN THE PATIENT DOES NOT NEED IT

114.    Defendants have most if not all of their prescriptions on automatic refill.

115.    Patients are being sent medications automatically, that they do not need, despite this being in direct violation of Federal and many State FCA statutes.

116.    Thus, the Government is paying for unnecessary, unwanted and ultimately unused prescriptions.

## VII. DISCREPENCIES IN BILLING SYSTEM THAT ALLOWS DUPLICATE CLAIMS AND OVERBILLING

117.    When requests for payment are transmitted from Defendants to the payers, the Government is regularly if not **always** overpaying for a variety of different reasons.

118.    One example of how overbilling occurs is defendants' practice of submitting duplicate claims, wherein the payer is billed twice for the same items.

19

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

119.     Another examples of false/overbilling is Defendants collecting the patient's responsibility portion from the Drug Manufacturers by way of copay assistance cards, rather than the patients.

120.     A third explanation for the overbilling is when Defendants simply incorrectly reimburse the payers, and the payer is paying more than they should pay.

121.     Everything that has been billed out of the system for the last ten years has been incorrect to the detriment of the payers.

122.     This was a known system default that was not corrected.

**COUNT I**

**(False Claims Act: Presentation of False Claim – 31 U.S.C. §§ 3729-30)**

123.      Relator realleges and incorporates by reference the allegations contained in all paragraphs above.

124.     This Count is brought by Relator in the name of the United States under the *qui tam* provisions of 31 U.S.C. §3730 for defendants' violation of 31 U.S.C. §3729.

125.     As a pre-requisite to participating in federally funded health-care programs, including Medicare Part D, Defendants expressly and/or impliedly certified their compliance with applicable statues and regulations.

126.     By virtue of the above-described acts, among others, defendants knowingly defrauded officers, employees or agents of the United States, by purposely withholding monies owed to the United States.

127.     By virtue of the above-described acts, defendants knowingly created, and likely continue to create, and/or submit false records and statements to obtain payment from the United States for false or fraudulent claims of services not provided.

20

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

128.    The amounts of the false or fraudulent claims to the United States were material.

129.    Federal health insurance programs, including Medicare Part D, have paid what likely amounts to millions of dollars in for drugs that were over billed, improperly billed, fraudulently billed and not refunded in violation of the Part D program requirements.

130.    The Government, unaware of the fraud perpetrated on them by the Defendants, paid and likely continues to pay defendants, directly or indirectly, for prescription drugs which were never rendered and/or were billed at an improper rate.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

### COUNT II

### (False Claims Act: Presentation of False Claims – 31 U.S.C. § 3729(a)(1)(A)

131.    All of the preceding allegations are incorporated herein.

132.    As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, Defendants knowingly, or acting with reckless disregard for the truth, presented and/or caused to be presented false or fraudulent claims for payment or approval in connection with its overbilling and improper retention of funds in violation of 31 U.S.C. § 3729(a)(1)(A).

133.    As a result, the Government made substantial payments on insurance claims and incurred substantial losses related to the submission of Medicare, Medicaid and/or Medicare Part D payments, because of Defendants' wrongful conduct.

134.    Accordingly, the Government has suffered damages in the amount of tens if not hundreds of millions of dollars improperly paid Medicare, Medicaid and Medicare Part D

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

insurance claims and is entitled to a civil penalty for each and every violation of the FCA as required by law.

### COUNT III

#### (False Claims Act: Making or Using a False Record of Statement to Cause a Claim to be Paid – 31 U.S.C. § 3729(a)(1)(B))

135.    All of the preceding allegations are incorporated herein.

136.    As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, Defendants have knowingly, or acting with disregard for the truth, made, used, or caused to be made or used, false record or statements in connection with its submission of invoices, bills, and retention of monetary credits due the Government in violation of 31 U.S.C. § 3729(a)(1)(B).

137.    As a result, the Government made substantial payments on insurance claims and incurred substantial losses related to the submission of Medicare, Medicaid and/or Medicare Part D payments, because of Defendants' wrongful conduct.

138.    Accordingly, the Government has suffered damages in the amount of tens if not hundreds of millions of dollars improperly paid Medicare, Medicaid and Medicare Part D insurance claims and is entitled to a civil penalty for each and every violation of the FCA as required by law.

### COUNT IV

#### (False Claims Act: Conspiracy – 31 U.S.C. § 3729(a)(1)(C)

139.    All of the preceding allegations are incorporated herein.

140.    As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, Defendants have conspired to make or present false or fraudulent claims and performed one or more acts to effect payment of false or fraudulent claims.

22

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

141.    Accordingly, the Government has suffered damages in the amount of tens if not hundreds of millions of dollars improperly paid Medicare, Medicaid and Medicare Part D insurance claims and is entitled to a civil penalty for each and every violation of the FCA as required by law.

### COUNT V

### (Alabama False Claims Statutes Policy)
### (Ala. Code 1975 § 22-1-11 *et seq.*)

142.    All of the preceding allegations are incorporated herein.

143.    This Count is brought by Relators in the name of the State of Alabama under the Alabama False Claims Statutes Policy for defendants' violation of that statute.

144.    By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of Alabama, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

145.    By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

146.    The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

147.    By reason of the Defendants' acts, the State of Alabama has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

148.    Pursuant to Ala. Code 1975 § 22-1-11 *et seq.* the State of Alabama is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT VI

#### (California False Claims and Reporting Act)
#### (Cal. Gov't Code §12650 *et seq.*)

149.    All of the preceding allegations are incorporated herein.

150.    This Count is brought by Relators in the name of the State of California under the California False Claims and Reporting Act for defendants' violation of that statute.

151.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the California State Government for payment or approval.

152.    By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

153.    The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein. There is no reason to believe that any of the unlawful conduct described above has been discontinued by

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

154.    By reason of the Defendants' acts, the State of California has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

155.    Pursuant to Cal. Gov't Code §12651(a) *et seq.*, the State of California is entitled to three times the amount of actual damages plus the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT VII

### Colorado Medicaid False Claims Act
### (CO ST § 25.5-4-303.5 *et seq.*)

156.    All of the preceding allegations are incorporated herein.

157.    This Count is brought by Relators in the name of the State of Colorado under the Colorado Medicaid False Claims Act for defendants' violation of that statute.

158.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Colorado State Government for payment or approval.

159.    By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

160.    The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein. There is no

25

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

161.    By reason of the Defendants' acts, the State of Colorado has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

162.    Pursuant to CO ST § 25.5-4-303.5 *et seq.*, the State of Colorado is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT VIII

#### Connecticut False Claims Act
#### (Conn. Gen. Stat §§17b-301a-17b-301p *et seq.*)

163.    All of the preceding allegations are incorporated herein.

164.    This Count is brought by Relators in the name of the State of Connecticut under the Connecticut False Claims Act for defendants' violation of that statute.

165.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Connecticut State Government for payment or approval.

166.    By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

167.    The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that

26

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

would not be paid but for the acts and/or conduct of Defendants as alleged herein. There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

168.    By reason of the Defendants' acts, the State of Connecticut has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

169.    Pursuant to Conn. Gen. Stat §§17b-301a-17b-301p *et seq.*, the State of Connecticut is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT IX

#### Delaware False Claims and Reporting Act
#### (Del Code Ann. tit. 6, §§ 1201 *et seq.*)

170.    All of the preceding allegations are incorporated herein.

171.    This Count is brought by Relators in the name of the State of Delaware under the Delaware False Claims and Reporting Act for defendants' violation of that statute.

172.    By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of Delaware, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

173.    By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

174.    The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

175.    By reason of the Defendants' acts, the State of Delaware has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

176.    Pursuant to Del Code Ann. tit. 6, §§ 1201 *et seq.* the State of Delaware is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT X

### District of Columbia False Claims Act
### (DC Code §§2-381.01 *et seq.*)

177.    All of the preceding allegations are incorporated herein.

178.    This Count is brought by Relators in the name of the District of Columbia under the District of Columbia False Claims Act for defendants' violation of that statute.

179.    By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the District of Columbia, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

180.    By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

181.    The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

182.    By reason of the Defendants' acts, the District of Columbia has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

183.    Pursuant to DC Code §§2-381.01 *et seq.*, the District of Columbia is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT XI

#### Florida False Claims Act
#### (Fla. Stat. §§ 68.081 *et seq.*)

184.    All of the preceding allegations are incorporated herein.

185.    This Count is brought by Relators in the name of the State of Florida under the Florida False Claims Act and Reporting Act for defendants' violation of that statute.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

186.    By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of Florida, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

187.    By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

188.    The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

189.    By reason of the Defendants' acts, the State of Florida has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

190.    Pursuant to Fla. Stat. §§ 68.081 *et seq.*, the State of Florida is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT XII

### Georgia False Medicaid Claims Act and Taxpayer Protection False Claims Act
### (Ga. Code Ann. §§49-4-168 *et seq.* & § 23-3-120 *et seq.*)

191.    All of the preceding allegations are incorporated herein.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

192.    This Count is brought by Relators in the name of the State of Georgia under the Georgia Taxpayer Protection False Claims Act and Reporting Act for defendants' violation of that statute.

193.    By virtue of the acts described above, among others, **Defendants** knowingly defrauded officers, employees or agents of the State of Georgia, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

194.    By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

195.    The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

196.    By reason of the Defendants' acts, the State of Georgia has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

197.    Pursuant to Ga. Code Ann. §§49-4-168 *et seq.* & § 23-3-120 *et seq.,* the State of Georgia is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

### COUNT XIII

### Hawaii False Claims Act
### (Haw. Rev. Stat. §§ 661-21 *et seq.*)

198.    All of the preceding allegations are incorporated herein.

199.    This Count is brought by Relators in the name of the State of Hawaii under the Hawaii False Claims Act and Reporting Act for defendants' violation of that statute.

200.    By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of Hawaii, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

201.    By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

202.    The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

203.    By reason of the Defendants' acts, the State of Hawaii has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

204.    Pursuant to Haw. Rev. Stat. §§ 661-21 *et seq*, the State of Hawaii is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT XIV

#### Illinois False Claims Act
#### (810 Ill. Comp. Stat. § 740 ILCS 175/1. *et seq.*)

205.    All of the preceding allegations are incorporated herein.

206.    This Count is brought by Relators in the name of the State of Illinois under the Illinois False Claims Act for defendants' violation of that statute.

207.    By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of Illinois, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

208.    By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

209.    The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein. There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

210.    By reason of the Defendants' acts, the State of Illinois has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

211.    Pursuant to 810 Ill. Comp. Stat. § 740 ILCS 175/1 *et seq.*, the State of Illinois is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT XV

### Indiana False Claims and Whistleblower Protection Act
### (Ind. Code § 5-11-5.5 *et seq.)*

212.    All of the preceding allegations are incorporated herein.

213.    This Count is brought by Relators in the name of the State of Indiana under the Indiana False Claims and Whistleblower Protection Act for defendants' violation of that statute.

214.    By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of Indiana, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

215.    By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

216.    The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein. There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

217.    By reason of the Defendants' acts, the State of Indiana has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

218.    Pursuant to Ind. Code § 5-11-5.5, the State of Indiana is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT XVI

### Iowa False Claims Act
### (Iowa Code § 685.1 *et seq.*)

219.    All of the preceding allegations are incorporated herein.

220.    This Count is brought by Relators in the name of the State of Iowa under the Iowa False Claims Act for defendants' violation of that statute.

221.    By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of Iowa, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

222.    By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

223.    The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

224.   By reason of the Defendants' acts, the State of Iowa has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

225.   Pursuant to Iowa Code § 685.1 *et seq.*, the State of Iowa is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT XVII

### Louisiana Medical Assistance Programs Integrity Law
### (La. Stat. Ann. §§ 6:438.1. *et seq.*)

226.   All of the preceding allegations are incorporated herein.

227.   This Count is brought by Relators in the name of the State of Louisiana under the Louisiana Medical Assistance Programs Integrity Law- Claims Review and Administrative for defendants' violation of that statute.

228.   By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of Louisiana, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

229.   By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

230.   The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

231.   By reason of the Defendants' acts, the State of Louisiana has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

232.   Pursuant to La. Stat. Ann. §§ 6:438.1. *et seq*.., the State of Louisiana is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT XVIII

#### Kansas False Claims Act
#### (Kan. Stat. Ann. § 75-7501. *et seq*.)

233.   All of the preceding allegations are incorporated herein.

234.   This Count is brought by Relators in the name of the State of Kansas under the Kansas False Claims Act for defendants' violation of that statute.

235.   By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of Kansas, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

236.   By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

# FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

237.    The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

238.    By reason of the Defendants' acts, the State of Kansas has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

239.    Pursuant to Kan. Stat. Ann. § 75-7501 *et seq.*, the State of Kansas is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT XIX

### Kentucky False Claims Statute Policy
### (Ky. Rev. Stat. Ann. §§205.8451-205.8483. *et seq.*)

240.    All of the preceding allegations are incorporated herein.

241.    This Count is brought by Relators in the name of the State of Kentucky under the Kentucky False Claims Statute Policy for defendants' violation of that statute.

242.    By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of Kentucky, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

243.     By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

244.     The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

245.     By reason of the Defendants' acts, the State of Kentucky has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

246.     Pursuant to Ky. Rev. Stat. Ann. §§205.8451-205.8483 *et seq.*, the State of Kentucky is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT XX

### Maryland False Health Claims Act
### (Md. Code Ann. Health-Gen §§ 2-601 *et seq.*)

247.     All of the preceding allegations are incorporated herein.

248.     This Count is brought by Relators in the name of the State of Maryland under the Maryland False Health Claims Act for defendants' violation of that statute.

249.     By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of Maryland, by purposely withholding

39

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

250.    By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

251.    The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

252.    By reason of the Defendants' acts, the State of Maryland has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

253.    Pursuant to Md. Code Ann. Health-Gen §§ 2-601  *et seq.*, the State of Maryland is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

**COUNT XXI**

**Massachusetts False Claims Act**
**(Mass. Gen. Laws ch. 12 § 5A *et seq.*)**

254.    All of the preceding allegations are incorporated herein.

255.    This Count is brought by Relators in the name of the Commonwealth of Massachusetts under the Massachusetts False Claims Act for defendants' violation of that statute.

40

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

256.    By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the Commonwealth of Massachusetts, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

257.    By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

258.    The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

259.    By reason of the Defendants' acts, the Commonwealth of Massachusetts has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

260.    Pursuant to Mass. Gen. Laws ch. 12 § 5A *et seq.*, the Commonwealth of Massachusetts is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT XXII

### Michigan Medicaid False Claim Act
### (Mich. Comp. Laws § 400.601 *et seq.*)

261.    All of the preceding allegations are incorporated herein.

41

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

262.   This Count is brought by Relators in the name of the State of Michigan under the Michigan Medicaid False Claim Act for defendants' violation of that statute.

263.   By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of Michigan, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

264.   By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

265.   The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

266.   By reason of the Defendants' acts, the State of Michigan has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

267.   Pursuant to Mich. Comp. Laws § 400.601 *et seq.*, the State of Michigan is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

### COUNT XXIII

### Minnesota False Claims Act
### (Minn. Stat. § 15C.01 *et seq.*),

268.    All of the preceding allegations are incorporated herein.

269.    This Count is brought by Relators in the name of the State of Minnesota under the Minnesota False Claims Act for defendants' violation of that statute.

270.    By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of Minnesota, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

271.    By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

272.    The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein. There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

273.    By reason of the Defendants' acts, the State of Minnesota has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

274.    Pursuant to Minn. Stat. § 15C.01 *et seq.*, the State of Minnesota is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT XXIV

### Montana False Claims Act
### (Mont. Code Ann. § 17-8-401 *et seq.*)

275.     All of the preceding allegations are incorporated herein.

276.     This Count is brought by Relators in the name of the State of Montana under the Montana False Claims Act for defendants' violation of that statute.

277.     By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of Montana, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

278.     By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

279.     The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

280.     By reason of the Defendants' acts, the State of Montana has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

281.    Pursuant to Mont. Code Ann. § 17-8-401 *et seq.*, the State of Montana is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT XXV

### The Nevada Submission of False Claims to State or Local Government Act
### (Nev. Rev. Stat. § §357.010 *et seq.)*

282.    All of the preceding allegations are incorporated herein.

283.    This Count is brought by Relators in the name of the State of Nevada under the The Nevada Submission of False Claims to State or Local Government Act for defendants' violation of that statute.

284.    By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of Nevada, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

285.    By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

286.    The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

287.    By reason of the Defendants' acts, the State of Nevada has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

288.    Pursuant to Nev. Rev. Stat. §§ 357.010 *et seq.*, the State of Nevada is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT XXVI

### New Hampshire False Claims Act
### (N.H. Rev. Stat. Ann. § 167:61-b *et seq.*)

289.    All of the preceding allegations are incorporated herein.

290.    This Count is brought by Relators in the name of the State of New Hampshire under the New Hampshire False Claims Act for defendants' violation of that statute.

291.    By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of New Hampshire, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

292.    By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

293.    The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as

46

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

294.    By reason of the Defendants' acts, the State of New Hampshire has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

295.    Pursuant to N.H. Rev. Stat. Ann. § 167:61-b  *et seq.*, the State of New Hampshire is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

**COUNT XXVII**

**New Jersey False Claims Act**
**(N.J. Rev. Stat. § 2A:32C-1 *et seq.*)**

296.    All of the preceding allegations are incorporated herein.

297.    This Count is brought by Relators in the name of the State of New Jersey under the New Jersey False Claims Act for defendants' violation of that statute.

298.    By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of New Jersey, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

299.    By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

300.    The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

be paid but for the acts and/or conduct of Defendants as alleged herein. There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

301.   By reason of the Defendants' acts, the State of New Jersey has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

302.   Pursuant to N.J. Rev. Stat. § 2A:32C-1 *et seq.*, the State of New Jersey is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT XXVIII

### New Mexico Medicaid False Claims Act
### (N.M. Stat. § 27-14-1 *et seq.*),

303.   All of the preceding allegations are incorporated herein.

304.   This Count is brought by Relators in the name of the State of New Mexico under the New Mexico Medicaid False Claims Act for defendants' violation of that statute.

305.   By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of New Mexico, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

306.   By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

307.    The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein. There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

308.    By reason of the Defendants' acts, the State of New Mexico has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

309.    Pursuant to N.M. Stat. § 27-14-1 *et seq.*, the State of New Mexico is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT XXIX

### (New York False Claims Act)
### (N.Y. State Fin. Law §§ 187 *et seq.*)

310.    All of the preceding allegations are incorporated herein.

311.    This Count is brought by Relators in the name of the State of New York under the New York False Claims Act for defendants' violation of that statute.

312.    By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of New York, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

313.   By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

314.   The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

315.   By reason of the Defendants' acts, the State of New York has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

316.   Pursuant to N.Y. State Fin. Law §§ 187 *et seq.*, the State of New York is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT XXX

### North Carolina False Claims Act
### (N.C. Gen. Stat. Ann. §§1-605 *et seq.*),

317.   All of the preceding allegations are incorporated herein.

318.   This Count is brought by Relators in the name of the State of North Carolina under the North Carolina False Claims Act for defendants' violation of that statute.

319.   By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of North Carolina, by purposely withholding

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

320.   By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

321.   The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

322.   By reason of the Defendants' acts, the State of North Carolina has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

323.   Pursuant to N.C. Gen. Stat. Ann. §§1-605 *et seq.*, the State of North Carolina is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT XXXI

### Oklahoma Medicaid False Claims Act
### (Okla. Stat. tit. §63-5053 *et seq.*),

324.   All of the preceding allegations are incorporated herein.

325.   This Count is brought by Relators in the name of the State of Oklahoma under the Oklahoma Medicaid False Claims Act for defendants' violation of that statute.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

326.   By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of Oklahoma, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

327.   By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

328.   The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

329.   By reason of the Defendants' acts, the State of Oklahoma has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

330.   Pursuant to Okla. Stat. tit. §63-5053 *et seq.*, the State of Oklahoma is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT XXXII

### Pennsylvania False Claims Statutes Policy
### (62 Pa. Cons. Stat. § 1407 *et seq.*),

331.   All of the preceding allegations are incorporated herein.

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

332.     This Count is brought by Relators in the name of the State of Pennsylvania under the Pennsylvania False Claims Statutes Policy for defendants' violation of that statute.

333.     By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of Pennsylvania by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

334.     By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

335.     The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

336.     By reason of the Defendants' acts, the State of Pennsylvania has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

337.     Pursuant to 62 Pa. Cons. Stat. § 1407 *et seq.*, the State of Pennsylvania is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

### COUNT XXXIII

### Rhode Island False Claims Act
### (R.I. Gen. Laws §§9-1.1-1 *et seq.*),

338.    All of the preceding allegations are incorporated herein.

339.    This Count is brought by Relators in the name of the State of Rhode Island under the Rhode Island False Claims Act for Defendants' violation of that statute.

340.    By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of Rhode Island, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

341.    By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

342.    The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

343.    By reason of the Defendants' acts, the State of Rhode Island has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

344.    Pursuant to R.I. Gen. Laws §9-1.1-1 *et seq.*, the State of Rhode Island is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each

<u>**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**</u>

and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

**COUNT XXXIV**

<u>**Tennessee Medicaid False Claims Act and the Tennessee Medicaid False Claims Act
(Tenn. Code Ann. §§4-18-101 *et seq.* & §§71-5-181 *et seq.* ),**</u>

345.   All of the preceding allegations are incorporated herein.

346.   This Count is brought by Relators in the name of the State of Tennessee under the Tennessee Medicaid False Claims Act for Defendants' violation of that statute.

347.   By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of Tennessee by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

348.   By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

349.   The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

350.   By reason of the Defendants' acts, the State of Tennessee has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

55

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

351.    Pursuant to Tenn. Code Ann. 4-18-101 *et seq.*, the State of Tennessee is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

**COUNT XXXV**

**Texas Medicaid Fraud Prevention Act.**
**(Texas Human Rights Code §§36.001 *et seq* and Gov't Code §§531.101 *et seq.*),**

352.    All of the preceding allegations are incorporated herein.

353.    This Count is brought by Relators in the name of the State of Texas under the Texas Medicaid Fraud Prevention Act for Defendants' violation of that statute.

354.    By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of Texas, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

355.    By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

356.    The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

357.   By reason of the Defendants' acts, the State of Texas has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

358.   Pursuant to Texas Human Rights Code §§36.001 *et seq* and Gov't Code §§531.101 *et seq.*, the State of Texas is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT XXXVI

### Vermont False Claims Act
### (Vt. Stat. Ann. Tit. H.120 § 630 *et seq.*),

359.   All of the preceding allegations are incorporated herein.

360.   This Count is brought by Relators in the name of the State of Vermont under the Vermont False Claims Act for Defendants' violation of that statute.

361.   By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of Vermont, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

362.   By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

363.   The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

364.    By reason of the Defendants' acts, the State of Vermont has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

365.    Pursuant to Vt. Stat. Ann. Tit. H.120 § 630 *et seq.*, the State of Vermont is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT XXXVII

### Virginia Fraud Against Taxpayers Act
### (Va. Code Ann. § 8.01-216.1 *et seq.*),

366.    All of the preceding allegations are incorporated herein.

367.    This Count is brought by Relators in the name of the State of Virginia under the Virginia Fraud Against Taxpayers Act for Defendants' violation of that statute.

368.    By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of Virginia, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

369.    By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

370.    The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

371.  By reason of the Defendants' acts, the State of Virginia has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

372.  Pursuant to Va. Code Ann. § 8.01-216.1 *et seq.*, the State of Virginia is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT XXXVIII

### Washington State Medicaid Fraud False Claims Act
### (Wash. Rev. Code § 74.66.005 *et seq.*).

373.  All of the preceding allegations are incorporated herein.

374.  This Count is brought by Relators in the name of the State of Washington under the Washington State Medicaid Fraud False Claims Act for Defendants' violation of that statute.

375.  By virtue of the acts described above, among others, Defendants knowingly defrauded officers, employees or agents of the State of Washington, by purposely withholding monies owed by presenting or causing to be presented, false or fraudulent claims for payment or approval.

376.  By virtue of the acts described above, Defendants knowingly made, used, created or caused to be made, used or created false records and statements, and omitted material facts, to induce the State to approve and pay such false and fraudulent claims and continues to do so.

377.  The State, unaware of the falsity of the underlying requests for payment and failure to reimburse overpayments, and subsequent statements and claims made, used, presented or caused

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)**

to be made, used or presented by Defendants paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.  There is no reason to believe that any of the unlawful conduct described above has been discontinued by Defendants as Relators are both still employed with Defendants and aware the much of the illegal activity described herein is still ongoing.

378.    By reason of the Defendants' acts, the State of Washington has been damaged, and continues to be damaged, in substantial material amounts to be determined at trial.

379.    Pursuant to Wash. Rev. Code § 74.66.005 *et seq.*, the State of Washington is entitled to any and all damages, including multiples of actual damages plus the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### JURY DEMAND

Plaintiff demands a trial by jury on all claims.

### PRAYER FOR JUDGMENT

WHEREFORE, Relator, on behalf of the United States Government and the governments of the States, against defendants, and each of them as follows:

a.    Finding and adjudging that defendants have violated and be enjoined from future violations of the Federal False Claims Act, 31 U.S.C. section 3729-32, and the State Statutes, and be enjoined from future violations of each Act.

b.    Pursuant to 31 U.S.C. § 3729 ordering defendants to pay damages in an amount equal to three times the amount of actual damages the United States Government has sustained because of defendant's false or fraudulent claims, plus the maximum civil penalty for each violation of 31 U.S.C. § 3729, *et seq.;*

## FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)

c.      Relator be awarded the maximum award permitted pursuant to 31 U.S.C. Section 3730 (d) of the FCA and/or any other applicable provision of law;

d.      Relator be awarded the relator's share of any judgment to the maximum amount provided pursuant to the FCA and/or any applicable State statute or provision of law.

e.      On the remaining Causes of Action, Relator and each State Plaintiff requests that Defendants, jointly and severally as to the State claims, be ordered to pay damages in an amount equal to three times the amount of actual damages sustained by each State as a result of Defendants' false and fraudulent claims, plus the maximum civil penalty for each violation of each of the State Statutes and awarding plaintiff the maximum award permitted under the State Statutes;

f.      Relator be awarded all costs and expenses of this action, including attorney fees as provided by 31 U.S.C. § 3730(d) and any other applicable provision of law;

g.      Relator being awarded such other and further relief as the Court deems just and proper.

Dated: May 9, 2016

Respectfully submitted,
Attorneys for Plaintiffs/Relators

Valli Kane & Vagnini LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
Tel: 516-203-7180
Fax 516-706-0248
Skane@vkvlawyers.com
rvalli@vkvlawyers.com

By: _____
*SARA WYN KANE (SK-6390)
*ROBERT J. VALLI, JR (RV-9995)
**Pro Hac Vice Application Forthcoming**

The Cochran Firm
3400 Carlisle Street, Suite 550
Dallas, Texas 75204
Tel: 214-651-4260
Fax: 214-651-4261
ltaylor@thecochranfirmdallas.com

By: _____
Larry Taylor (LT-24071156)

61